· FEBRUARY TERM, 1881. · 563

The State of Georgia vs. The Western and Atlantic Railroad ·Company. ·

## THE STATE OF GEORGIA vs. THE WESTERN AND ATLANTIC RAILROAD COMPANY.

[JACKSON, Chief Justice, being disqualified, Judge Harris, of the Coweta circuit, was designated by the governor to preside in his place.]

1. The Western and Atlantic Railroad Company is subject to a tax· of one-half of one per cent. on its net income, but to no more.
(a). This rate is fixed by contract between the state and the company, and cannot be altered by the former during the continuance of the lease.
2. The payment of this income tax covers also such property as may be necessary and proper for the use and enjoyment of the franchise secured by the lease to the company, whether it was received from the state or has been purchased since the lease began. Other property of the company would be subject to taxation as the property of individuals.

Tax. Western and Atlantic Railroad. Constitutional law. Before Judge CLARK. Fulton Superior Court. March term, 1880.·

To the report contained in the decision it is only necessary to add that the comptroller general issued a tax *fi. fa.*, against the Western and Atlantic Railroad Company for tax of 1874 upon its property. The defendant filed its affidavit of illegality, on the following grounds :

(1). That the defendant leased said railroad under an act of the legislature, the first section of which provides that the lessee should in no case be disturbed by the authority of the state so long as said lessee kept its contract with the state and. made the payments when due, meaning the monthly· rental due the state by the contract .of lease. And the defendant avers that it has, in good faith, kept its contract, and has promptly made the monthly payments due by it to the state. Defendants therefore claim that said provision of said act protects it from any liability to the state for taxes. The state having thereby contracted not to exact from said lessee the payment of any other sum of money than the monthly rental.

(2). That by the eleventh section of said act the lessee of said road is entitled to the same exemptions, privileges, immunities, rights and guarantees, and shall be subject to the same liabilities, disabilities and public burdens as the Georgia Railroad and Banking Company, the Central Railroad and Banking Company, and the Macon and Western Railroad Company, and no more, except that said lessee shall not be entitled to any banking privileges. And whilst defendant denies the right of the state to assess its property for taxes for the reasons stated in the first ground, it claims that, if liable for taxes at all, it is only liable for one-half of one per cent. on its net income, that being the tax for which the several railroad companies above named were and are liable.

(3). That for the reasons set forth in the first ground, any attempt by the state to collect taxes from the defendant would impair the obligation of the state's contract with the defendant, and any act of the legislature designing to impose any such tax is null and void.

(4). That in the twenty-seventh article of the constitution of the state it is declared that taxation on property shall be *ad valorem* only, and uniform on all species of property taxed. And defendant avers that by the charters of certain specified railroad companies it is provided that they shall be subject to a tax of not exceeding one-half of one per cent. per annum on their net income.

Defendant states that it has paid that amount of tax on its net income under protest in order to be permitted to file said affidavit of illegality.

(5). Defendant claims that the act of the legislature, approved February 28th, 1874, entitled an act to amend the tax laws of this state so far as the same relate to railroad companies, etc., is void so far as it attempts to repeal any portion of the act under which defendant leased said road, or to impose any greater burden or tax than the monthly rental defendant agreed to pay the state for the use of said road and its property.

The case was submitted to the court without a jury. The evidence is not material to an understanding of the points ruled. The court sustained the affidavit, and plaintiff excepted.

CLIFFORD ANDERSON, attorney general; R. TOOMBS for plaintiff in error.

JULIUS L. BROWN; B. H. HILL; R. J. MOSES, for defendant.

HARRIS, Judge.

(1). On the 28th February, 1874, the legislature passed an act requiring the presidents of all the railroad companies in the state to return, on oath, to the comptroller general the value of the property of their respective companies, to be taxed as other property of the people of the state.

Under this act a return was made by the president of the Western and Atlantic Railroad Company, the defendant in error. The tax was assessed by the comptroller general, and a *fi. fa.* issued for its collection. An affidavit of illegality was filed by the said company to this *fi. fa.* denying its liability for the tax sought to be collected.

It was agreed by counsel representing both the plaintiff and the defendant that the cause be heard before the presiding juge, upon an agreed statement of facts without the intervention of a jury, he to decide upon the law and the facts, subject to revision by this court as in ordinary cases.

The presiding judge, after hearing the evidence and argument, sustained the affidavit of illegality, dimissed the levy, and rendered judgment against the plaintiff for costs.

To this judgment the plaintiff in error excepted, and brings the cause by bill of exception to this court for review.

On the trial below, the plaintiff in error demurred to

the affidavit of illegality, and moved to dismiss the same upon the ground that the defendant, by a failure to comply with the act of February 28th, 1874, had not brought the question made within the jurisdiction of the court; which motion was overruled. The action of the court was excepted to and assigned as error.

Upon the hearing before this court, this ground of exception was withdrawn, thus leaving, as the sole question before this court, the right of the state to tax said company; and if liable to be taxed at all, what property is subject to taxation and the extent to which said property may be taxed.

This is the second time that this case has been before this court. At the January term, 1875, it was held:

1. That, " under the guarantees of the first and eleventh section of the act of October 24th, 1870, authorizing the lease of the Western and Atlantic Railroad, the Western and Atlantic Railroad Company, though made a body corporate by said act, by virtue of the contract of lease, when accepted by the governor and recorded, is not liable to a tax greater than one-half of one per cent. on the net income of the company."

2. "By the eleventh section of said act it is taxable to that extent." 54 *Ga.*, 428.

Thus at least it has been decided that the liability of the defendant to taxation is at the rate of one-half of one per cent. upon the net income of the company, which was the rate at the time—1870—of taxation upon all the railroad companies. That this was the rate of the Central Railroad, as fixed by its charter, see acts of 1833, page 248; acts of 1835, page 247; of the Georgia Railroad Company, see acts of 1833, p. 264, and of 1835, p. 185; of the Macon and Western Railroad in 1870, acts of 1869, p. 64.

It is to be further noted that the tax on the Central Railroad has been declared irrepealable. Central Railroad *vs.* Georgia, 92 United States, 665. In the Georgia Rail-

road case, this court has declared that its exemption was irrepealable in the 54 *Ga.*, 428.

That the legislature had the right to lease the Western and Atlantic Railroad cannot be questioned ; and, having done it, whether wisely or unwisely, is not now to be inquired into, nor can it be changed even if it were at an annual rental far below its real value.    The state, like an individual, must abide its bargain.    10 *Ga.*, 191-196 ; 4 Wheaton, 418 ; 3 Wallace, 72, 73 ; 16 Howard, 369 ; 6 *Ga.*, 130 : 19 *Ib.*, 325.

A rate of taxation fixed by the charter is conclusive, as has been stated in the above cases, and is supported by the very highest authorities: 16 Wallace, 244-9 ; 1 Black, 436-8; 13 Wallace, 264 ; 15 Wallace, 460-8-9 ; 8 Wallace, 441 ; 18 Wallace, 392-404 ; 44 *Ga.*, 397.

But it is said that the corporation part of the lease act is subject to modification or repeal, even. Admitting this to be so, there stands the contract, fixed and unalterable, except according to its own terms, and courts have no discretion to change or to alter contracts where they are legally made.

(2). It is contended, however, that besides the tax of one-half of one per cent. upon the net income, that all of the property of the company, other than that received by it from the state under the lease, and contained in the schedule returned by the commissioners appointed by the governor, falls within the provisions of the act of February 28th, 1874, and is subject to be taxed thereunder.

This court concurs fully and thoroughly with this view of the law, except as to such property as may be necessary and proper for the use and enjoyment of the franchise secured by the lease to the defendant in error.    All other proper than that owned by this company should pay taxes just as the property of other people of this state pays taxes.    But to make the company, because it has increased its means of enlarging its income by improving its property and doubling its capacity, pay taxes on the addi-

tional property and additional income, would be to levy a double tax upon the same property.

What is necessary to operate the road, is necessary to make the income, and when that is taxed it includes every thing entering as an element going to produce it. It may be that the state and the other tax-payers have largely suffered, and must continue to suffer to the end of this lease, by this rate of taxation, but with this state of things cou rts have nothing to do, their province is to decide, not to make, the law.

The ruling which we make in this case is fully and clearly required by the law governing and controlling it. If it work a hardship either on the people or the state, it is attributable alone to the contract and not to the courts. That the company is liable to pay taxes on all the property which it owns, outside of that which is necessary and proper for sustaining and operating it, is beyond question, but up to that point it can be made to pay only upon its nets income. 40 *Ga.,* 646; *Wright, comptroller general, vs. Southwestern Railroad Company,* February term, 1880; *Atlanta Street Railroad vs. City of Atlanta,* September term, 1880.

Judgment affirmed.